UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SETTLEMENT FUNDING , LLC, a Georgia Limited Liability Company,

    Plaintiff,

- against -

AXA EQUITABLE LIFE INSURANCE COMPANY, a New York Corporation,

    Defendant.

Case No.:

09 CV 8685

## COMPLAINT

Plaintiff SETTLEMENT FUNDING, LLC ("SF" or "Plaintiff") sues defendant AXA EQUITABLE LIFE INSURANCE COMPANY ("AXA" or "Defendant") for a judgment ordering AXA to, among other things, pay Plaintiff the death benefit due under a certain life insurance policy. In support of its Complaint, Plaintiff respectfully alleges and prays as follows:

### I. NATURE OF THE ACTION

1.    This is an action by SF, as assignee of Life Settlement Corporation ("LSC"), to recover the insurance proceeds due to LSC as beneficiary of a life insurance policy governed by New York law (the "Policy"). At the time the insured under the Policy passed away, LSC's right to receive the insurance proceeds thereunder had vested and the contestability period under the Policy and New York law had expired. Despite LSC's clear and uncontested rights to the insurance benefits, AXA has wrongfully and unjustifiably refused to pay LSC's claim to such benefits.

## II. THE PARTIES

2. SF is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business in Boynton Beach, Florida.

3. AXA is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

## III. JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 (exclusive of interest and costs) and involves a citizen of the States of Georgia and Florida as plaintiff, and a citizen of the State of New York as defendant.

5. Venue is proper in this United States District Court for the Southern District of New York, because—among other things—the defendant is a New York resident. 28 U.S.C. § 1391.

## IV. FACTS

### A. The Policy at Issue

6. On or about May 11, 2007, AXA issued a Five Million Dollar ($5,000,000.00) life insurance policy (the "Policy") to the Esther Adler Family Trust (the "Trust"). The insured under the Policy was Ms. Esther Adler ("Ms. Adler"). A copy of the Policy is attached hereto as Exhibit "A."

7. The Trust was organized under the laws of the State of New York. Upon information and belief, Eli A. Rubenstein (the "Trustee") is and has always been the sole trustee of the Trust.

8. The Policy was delivered to the Trustee in New York. *See*, Exhibit "A," at 39. As per the Delivery Receipt, "[t]he contract state is NEW YORK." *Id.*

### B. LSC Became the Owner and Beneficiary of the Policy

9. The Trustee and LSC entered into a Purchase Agreement as of January 22, 2009. A copy of Purchase Agreement is attached hereto as Exhibit "B." Pursuant to the Purchase Agreement, LSC became the owner and beneficiary of the Policy as of the date of the closing, January 27, 2009.

10. As a result of, and under the Purchase Agreement, all rights, title and interest in, to and under the Policy, and all proceeds and benefits to be derived from the Policy, were sold and transferred to LSC.

11. As evidenced by Exhibit "C", on February 27, 2009, a third party became the owner and beneficiary of the Policy.

12. However, on June 5, 2009, new change forms were submitted to AXA by which AXA was informed that LSC was again the owner and beneficiary of the Policy. A copy of the June 5, 2009 Ownership Change Request Form and June 11th acknowledgement from AXA are attached hereto as Exhibit "D."

### C. Insured Passed Away After Expiration of Contestability Period

13. Consistent with N.Y. Ins. Law §3203(a)(3), the Policy contains a clause which states that AXA "will not contest the validity of th[e] policy after" expiration of a 2-year contestability period.

14. By the time that Ms. Adler passed away on June 6, 2009, the contestability period for the Policy had long expired.

15. At the time Ms. Adler passed away, all of the premium due under the Policy had been paid and collected by AXA, and, as stated previously, LSC was the sole beneficiary of the Policy.

### D. AXA Breached Its Obligations to Pay LSC

16. On July 9, 2009, LSC submitted a claim with AXA, demanding payment of the proceeds under the Policy to LSC.

17. AXA, however, has refused to pay LSC's claim, apparently contesting the validity of the Policy.

18. In other words, AXA breached its legal duties with LSC.

### E. Conditions Precedent

19. All conditions precedent to the filing of this action have occurred, been satisfied, performed, or have been waived.

## Count I
### (ACTION FOR RECOVERY OF INSURANCE PROCEEDS UNDER NEW YORK LAW)

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21. As set forth above, LSC was the beneficiary of the insurance proceeds under the Policy at the time of death of Ms. Adler, which AXA has unlawfully refused to pay.

22. Consequently, Plaintiff is entitled to collect from AXA over FIVE MILLION DOLLARS ($5,000,000) in death benefit and other proceeds rightfully due to Plaintiff (e.g., interests).

## Count II
### (ACTION FOR BREACH OF CONTRACT UNDER NEW YORK LAW)

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

24. By failing to pay LSC the death benefit, AXA failed to perform its obligations under the Policy and caused LSC substantial damages.

25. As a result of AXA's breach, Plaintiff is entitled to recover from AXA over FIVE MILLION DOLLARS ($5,000,000) in damages.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in favor of Plaintiff and grant Plaintiff the amounts requested in Count I and/or Count II of this Complaint. Plaintiff further requests the Court to grant Plaintiff the recovery of pre and post judgment interests, litigation costs and expenses (including attorneys fees), and such other relief the Court deems just and proper.

Dated: October 13, 2009.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Philip H. Cohen
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Plaintiff Life Settlement Corporation*

*Of counsel:*

GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
JESÚS E. CUZA
Florida Bar No. 42899
INA M. BERLINGERI
Florida Bar No. 33482