UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

SETTLEMENT FUNDING , LLC,

    Plaintiff-Counterclaim Defendant,

- against -

AXA EQUITABLE LIFE INSURANCE CO.,

    Defendant-Counterclaim Plaintiff -
    Third-Party Plaintiff,

- against -

LIFE SETTLEMENT CORPORATION,

    Counterclaim Defendant

- and -

ALAN RUBENSTEIN, as trustee of the Esther Adler Family Trust,

    Third-Party Defendant.

------------------------------------------------------------ x

Case No.: NO. 09-CV-8685-HB

## STATEMENT OF AXA EQUITABLE LIFE INSURANCE COMPANY CONCERNING ENTRY OF JUDGMENT

On October 27, 2010, The Honorable Harold Baer, Jr. requested that the parties submit proposed judgments by this date.

1.    AXA Equitable Life Insurance Company plans to file a Motion for Judgment As A Matter of Law pursuant to Fed.R.Civ.P. 50(b) and its submission of this Statement Of AXA Equitable Life Insurance Company Concerning Entry Of Judgment, and the exhibits hereto, does not waive any rights or claims in that regard. AXA Equitable will establish in that motion that, notwithstanding the jury's verdict, judgment should be entered in favor of AXA Equitable as a

BE01/ 738854.2

matter of law and, thus, that no form of judgment on the extant verdict is appropriate. AXA Equitable will also establish that the award of damages in its favor against Alan Rubenstein, as Trustee, was not correctly calculated by the jury.

2. Nevertheless, and without derogation of the position averred in paragraph 1, AXA Equitable complies with the Court's October 27, 2010 direction by submitting the proposed form of judgment attached as Exhibit A.

3. A copy of the proposed form of judgment submitted by Settlement Funding is attached as Exhibit B.

4. AXA Equitable's objections and comments concerning Settlement Funding's proposed form of judgment are set forth below. Such objections and comments are not exhaustive and are without limitation or waiver of any of AXA Equitable's bases for post-trial relief under Fed.R.Civ.P. 50(b) or 59.

    a. Settlement Funding is entitled to prejudgment interest only from July 15, 2009, the date it submitted its claim for the death benefit of life insurance policy number 157207721 ("Policy"), until the date of the jury's verdict, October 15, 2010.

    b. Following entry of judgment in the manner prescribed by the Federal Rules of Civil Procedure, Settlement Funding may apply for allowable costs pursuant to Local Rule 54.1.

    c. Settlement Funding pleaded its negligent misrepresentation claim in the alternative and thus is not permitted to judgment on that claim.

    d. Settlement Funding is not entitled to judgment on Count I of AXA Equitable's counterclaim and third-party complaint, which seeks a declaration that the Esther Adler Family Trust is invalid, as the jury did not render a verdict on that claim.

BE01/ 738854.2

  e. Settlement Funding is not entitled to judgment on Count II of AXA Equitable's counterclaim and third-party complaint, which seeks a declaration that the Policy is invalid, as the jury found the Policy was procured through fraud but was not asked to determine if the Policy lacked insurable interest; thus, the jury could not have reached a determination whether AXA Equitable was barred from contesting the validity of the Policy.

  f. Settlement Funding is not entitled to judgment on its affirmative defense of estoppel as estoppel is not a cause of action upon which a judgment may be entered and no damages were awarded.

Respectfully submitted,

Dated: November 3, 2010  DRINKER BIDDLE & REATH LLP

By: /s/ Gregory J. Star
Stephen C. Baker (*pro hac vice*)
Stephen A. Serfass (*pro hac vice*)
Gregory J. Star (*pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
(215) 988-2700 (phone)
(215) 988-2757 (facsimile)
Stephen.Baker@dbr.com
Stephen.Serfass@dbr.com
Gregory.Star@dbr.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served, on the counsel of record listed below, a copy of the foregoing Statement Of AXA Equitable Life Insurance Company Concerning Entry Of Judgment by filing the same through the Court's ECF/CM system:

>Philip H. Cohen
>Greenberg Traurig, LLP
>200 Park Avenue
>New York, New York 10166
>
>Jesus E. Cuza
>Ina M. Berlingeri
>Greenberg Traurig, LLP
>401 East Las Olas Boulevard
>20th Floor
>Fort Lauderdale, FL 33301

*Attorneys for Plaintiff and Counterclaim-Defendant Settlement Funding, LLC and Counterclaim-Defendant Life Settlement Corporation*

>Ira S. Lipsius, Esquire
>Schindel, Farman, Lipsius, Gardner & Rabinovich LLP
>14 Penn Plaza, Suite 500
>New York, NY 10122

*Attorney for Third-Party Defendant Alan Rubenstein, individually and as trustee of the Esther Adler Family Trust 20070221*

Dated: November 3, 2010                    /s/ Gregory J. Star
                                           Gregory J. Star

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SETTLEMENT FUNDING , LLC,

    Plaintiff-Counterclaim Defendant,

- against -

AXA EQUITABLE LIFE INSURANCE CO.,

    Defendant-Counterclaim Plaintiff -
    Third-Party Plaintiff,

- against -

LIFE SETTLEMENT CORPORATION,

    Counterclaim Defendant

- and -

ALAN RUBENSTEIN, as trustee of the Esther Adler Family Trust,

    Third-Party Defendant.
------------------------------------------------------------- x

Case No.: NO. 09-CV-8685-HB

## [PROPOSED] JUDGMENT

A Jury Trial before the Honorable Harold Baer, Jr., United States District Judge, having begun on October 18, 2010, and at the conclusion of trial, on October 25, 2010, the jury having rendered a verdict, it is,

**ORDERED, ADJUDGED AND DECREED:**

1. Settlement Funding, LLC has a judgment in the sum of $5 million against AXA Equitable Life Insurance Company for recovery of the death benefit under life insurance policy number 157207721, plus interest at the rate of 9% per annum, not compounded, from July 15, 2009 through October 25, 2010.

2. AXA Equitable Life Insurance Company has a judgment in the sum of $1.00 against Alan Rubenstein, as Trustee of the Esther Adler Family Trust, for conspiracy to commit fraud.

3. All other claims, counterclaims, and third-party claims are dismissed.

**SO ORDERED**

November __, 2010
New York, New York

                                                       **Hon. Harold Baer, Jr.**
                                                       **U.S.D.J.**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

SETTLEMENT FUNDING , LLC,

    Plaintiff-Counterclaim Defendant,

- against -

AXA EQUITABLE LIFE INSURANCE CO.,

    Defendant-Counterclaim Plaintiff -
    Third-Party Plaintiff,

- against -

LIFE SETTLEMENT CORPORATION,

    Counterclaim Defendant

- and -

ALAN RUBENSTEIN, as trustee of the Esther
Adler Family Trust,

    Third-Party Defendant.

------------------------------------------------------------ x

Case No.: NO. 09-CV-8685-HB

## [PROPOSED] FINAL JUDGMENT

This action having been tried before the Court and a jury on October 18, 2010 through October 25, 2010, at the United States District Court for the Southern District of New York, the jury having rendered verdict, and there being no reason to delay in entry of a Final Judgment,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Judgment is entered in favor of Settlement Funding and against AXA Equitable Life Insurance Company ("AXA Equitable") on Count I of Settlement Funding's Amended Complaint for the death benefits plus interest due under the Adler Policy. AXA Equitable is therefore liable to Settlement Funding for the insurance proceeds in the amount of five million

dollars ($5,000,000) and pre-judgment interest at the rate of 9% since the date of Esther Adler's death, June 6, 2009, until paid.[1]  AXA Equitable is also liable to Settlement Funding for Settlement Funding's costs for this action, to be taxed by the Clerk.

2. Judgment is entered in favor of Settlement Funding and against AXA Equitable on Count III of Settlement Funding's Amended Complaint for negligent misrepresentation. Because Settlement Funding is entitled to the death benefits plus interest under the Adler Policy, no additional damages will be awarded to Settlement Funding with respect to the negligent misrepresentation claim.

3. Judgment is entered in favor of Settlement Funding and Life Settlement Corporation and against AXA Equitable on Counts I and II of AXA Equitable's Counterclaim. Specifically, AXA Equitable is not entitled to a declaration that the Adler Policy was void *ab initio* due to the jury's finding that AXA Equitable is barred from contesting the validity of the Policy because Mrs. Adler died beyond the contestability period. The jury further found in favor of Settlement Funding and Life Settlement Corporation on their affirmative defense of estoppel.

4. Because the jury has found that AXA Equitable is barred from contesting the validity of the Policy because Mrs. Adler died beyond the contestability, AXA Equitable's claims under Count I and II of the Third Party Complaint are dismissed.

5. Judgment is entered in favor of Life Settlement Corporation and against AXA Equitable on Count III of AXA Equitable's Counterclaim for relief under the Ohio Viatical Settlement Act.[2]

---

[1] In diversity cases, prejudgment interest is governed by state law. *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008). New York's Civil Practice Law section 5001 provides that "Interest shall be at the rate of nine per centum per annum, except as otherwise provided by statute."

[2] This is based on the jury's findings of fact in response to question 17 on the Verdict Sheet.

6.  Judgment is entered in favor of Alan Rubenstein, as trustee of the Esther Adler Family Trust, and against AXA Equitable on Count III (fraud), Count V (negligent misrepresentation), Count VI (violation of the Ohio Viatical Settlement Act) and Count VII (conspiracy to violate the Ohio Viatical Settlement Act) of the Third Party Complaint.[3]

7.  Judgment is entered in favor of AXA Equitable and against Alan Rubenstein, as trustee of the Esther Adler Family Trust, on Count IV (conspiracy to commit fraud) of the Third Party Complaint. Alan Rubenstein, as trustee of the Esther Adler Family Trust, is liable to AXA Equitable for nominal damages in the amount of $1.00.[4]

**SO ORDERED**

November __, 2010
New York, New York

_____
**Hon. Harold Baer, Jr.**
**U.S.D.J.**

---

[3] This is based on the jury's findings of fact in response to questions 11 and 17 of the Verdict Sheet.
[4] This is based on the jury's findings of fact in response to questions 14, 15 and 16 of the Verdict Sheet.