**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
SETTLEMENT FUNDING, LLC,

        Plaintiff,

        v.                                  NO. 09-CV-8685-HB

AXA EQUITABLE LIFE INSURANCE COMPANY,

        Defendant, Counterclaim-Plaintiff and
        Third-Party Plaintiff

        v.

SETTLEMENT FUNDING, LLC,

        -and-

LIFE SETTLEMENT CORPORATION,

        Counterclaim-Defendants

        v.

ALAN RUBENSTEIN, individually,

        -and-

ALAN RUBENSTEIN, as Trustee of the
Esther Adler Family Trust 20070221,

        Third-Party Defendants
-----------------------------------------------------------------------x

**DECLARATION OF GREGORY J. STAR IN SUPPORT OF AXA
EQUITABLE LIFE INSURANCE COMPANY'S RESPONSE TO
SETTELEMENT FUNDING, LLC'S MOTION TO CORRECT OR,
IN THE ALTERNATIVE, TO ALTER OR AMEND JUDGMENT**

    1.    I am an attorney in the Philadelphia office of Drinker Biddle & Reath LLP, located at One Logan Square, Suite 2000, Philadelphia, Pennsylvania 19103. I make this declaration pursuant to 28 U.S.C. § 1746.

    2.    Attached hereto as Exhibit "A" for the Court's convenience is a true and correct copy of The New York Insurance Department Office of General Counsel Opinion No. 05-07-03 (July 5, 2005), which was referenced on page 4 of AXA Equitable's Response.

3. Attached hereto as Exhibit "B" is a true and correct copy of the Declaration of Leslie Carpenter.

4. I declared under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2011.

_____        _____
                                        Gregory J. Star

# EXHIBIT "A"

Case 1:09-cv-08685-HB -RLE   Document 200   Filed 01/07/11   Page 3 of 8



**STATE OF NEW YORK
INSURANCE DEPARTMENT**
25 BEAVER STREET
NEW YORK, NEW YORK 10004

George E. Pataki                                                                                   Howard Mills
Governor                                                                                           Superintendent

The Office of General Counsel issued the following opinion on July 5, 2005, representing the position of the New York State Insurance Department.

**RE: Payment of Interest on Life Insurance Proceeds.**

**Question Presented:**

Does the New York Insurance Law address how interest is computed on the proceeds of a life insurance policy?

**Conclusion:**

Pursuant to N.Y. Ins. Law § 3214(c) (McKinney 2000), where no action has been commenced, interest must be computed daily at the rate of interest currently paid by the insurer on proceeds left under the interest settlement option from the date of death of the insured to the date of payment. The Insurance Law does not set a minimum rate of interest that must be credited under the interest settlement option provision in a life insurance policy. If the insurer does not offer the interest settlement option, the Department allows an interest rate that has been approved by the insurer's Board of Directors for Section 3214(c) purposes.

**Facts:**

In an inquiry, dated May 11, 2005, the inquirer proposed the following hypothetical situation: Mr. A purchased a term life insurance policy over thirty years ago and died ten years later. The claim was not presented to the insurer until twenty years after Mr. A died. The inquirer also submitted a separate inquiry, dated May 27, 2005, proposing a hypothetical situation wherein the claim was not presented to the insurer until five years after the insured's death. The inquirer would like to know whether the Insurance Law addresses how interest is computed on the proceeds of life insurance policies. We will assume that the insurance policies were in full force and effect at the time of the insured's death. We will also assume that there is no time limitation in the insurance policies with respect to the submission of a claim to the insurer or bringing an action on the policies.

**Analysis:**

N.Y. Ins. Law § 3214(c) (McKinney 2000) governs the payment of interest on the proceeds of life insurance policies and annuity contracts where no action has been commenced, and provides, in relevant part, as follows:

> (c) If no action has been commenced, interest upon the principal sum paid to the beneficiary or policyholder shall be computed daily at the rate of interest currently paid by the insurer on proceeds left under the interest settlement option, from the date of the death of an insured or annuitant in connection with a death claim on such a policy of life insurance or contract of annuity and from the date of maturity of an endowment contract to the date of payment and shall be added to and be a part of the total sum paid.[1]

Thus, Section 3214(c) provides that, where no action has been commenced, interest must be computed daily at

the rate of interest that the insurer pays under the interest settlement option[2] from the date of death of the insured to the date of payment. The Insurance Law does not set a minimum rate of interest that must be credited under the interest settlement option provision in a life insurance policy. If the insurer does not offer the interest settlement option, the Department allows an interest rate that has been approved by the insurer's Board of Directors for Section 3214(c) purposes.

It should also be noted that there is no statute of limitations in Section 3214 with respect to the submission of a claim to an insurer. However, it is well settled under New York State Law that the six-year statute of limitations on contractual obligations [N.Y.C.P.L.R. § 213 (McKinney 2002 and Supp. 2005)] applies to an action on a life insurance policy, and the statute begins to run upon the death of the insured, irrespective of the ignorance of the beneficiary as to the existence of the policy, unless there is a provision in the policy that expressly states otherwise. See Shaw v. Union Mutual Life Insurance Company, 91 Misc. 2d 64, 396 N.Y.S.2d 996 (Sup. Ct. Nassau County 1977); see also Gallo v. Savings Bank Life Insurance Fund, 257 A.D.2d 600, 684 N.Y.S.2d 278 (2d Dep't. 1999).

Here, if the insurer denies the claim that was submitted twenty years after the insured's death, an action to recover the proceeds of the life insurance policy would be time-barred by the six-year statute of limitations on contract actions. However, if the insurer denies the claim that was submitted to the insurer five years after the insured died, a court action would not be time-barred by N.Y.C.P.L.R. § 213 (McKinney 2002 and Supp. 2005).

For further information you may contact Associate Attorney Pascale Jean-Baptiste at the New York City Office.

---

[1] Please note that Section 3214(e) provides that Section 3214 does not apply to policies or contracts issued prior to September 1, 1975, that contain specific provisions to the contrary. Thus, this section would not apply to an insurance policy that was issued over thirty years ago where the policy contains terms that are contrary to Section 3214. We will assume that the policy in the inquirer's hypothetical does not contain such contrary provisions.

[2] The interest settlement option is a provision in a life insurance policy that gives the beneficiary the option of leaving the death benefit with the insurer. The proceeds would then accrue interest at a rate of interest no less than the rate set forth in the insurance policy. Insurers usually offer competitive interest rates to encourage beneficiaries to choose this option.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SETTLEMENT FUNDING, LLC,

        Plaintiff,

    v.

AXA EQUITABLE LIFE INSURANCE COMPANY,

        Defendant, Counterclaim-Plaintiff and
        Third-Party Plaintiff

    v.

SETTLEMENT FUNDING, LLC,

    -and-

LIFE SETTLEMENT CORPORATION,

        Counterclaim-Defendants

    v.

ALAN RUBENSTEIN, individually,

    -and-

ALAN RUBENSTEIN, as Trustee of the
Esther Adler Family Trust 20070221,

        Third-Party Defendants
-----------------------------------------------------------------------x

NO. 09-CV-8685-HB

## DECLARATION OF LESLIE CARPENTER

1. I am over eighteen years of age, am of sound mind, am capable of making this Declaration, and am fully competent to testify as to matters stated herein. I make this declaration pursuant to 28 U.S.C. § 1746.

2. I hold the position of Senior Claims Consultant, Policy Service, for the Defendant, Counterclaim-Plaintiff and Third-Party Plaintiff, AXA Equitable Life Insurance Company ("AXA Equitable").

3. I am authorized to make this Declaration on behalf of AXA Equitable and I make these statements based on my personal knowledge or upon a review of the records kept in the normal course of business at AXA Equitable's offices.

4. Although the Policy at issue in this case does not contain a provision entitled "interest settlement option," persons making a claim under the Policy were provided an "interest option," to defer payment of the proceeds and instead collect interest thereon, which is the equivalent of an "interest settlement option" as defined by New York law.

5. The rate of interest payable under the "interest option" described in Paragraph 4 is currently, and has been at all times since the death of the insured under the Policy, three percent (3%) per annum.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2011.

*Leslie Carpenter* (signature)
Leslie Carpenter