**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SETTLEMENT FUNDING, LLC**

**Plaintiff - Counterclaim Defendant,**

**- against -**

**AXA EQUITABLE LIFE INSURANCE CO.**

**Defendant - Counterclaim Plaintiff – Third-Party Plaintiff,**

**- against -**

**LIFE SETTLEMENT CORPORATION**

**Counterclaim Defendant,**

**- and -**

**ALAN RUBENSTEIN**

**Third-Party Defendant.**

---

**09 CV 8685 (HB)**

**OPINION & ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 7-18-11

**Hon. Harold Baer, Jr., District Judge:**

A trial of this matter was held from October 17 – 25, 2010. At the conclusion of trial a jury found, among other things, that Plaintiff was entitled to $5 million in life insurance proceeds from Defendant. The Clerk entered an amended judgment on April 7, 2011. The prevailing party, Plaintiff was entitled to and did submit a Bill of Costs to the Clerk for $87,304.66. On May 23, 2011, the Clerk awarded $30,148.26 in costs.[1] The parties each cross-moved for review of the Clerk's award pursuant to FRCP 54(d)(1). Plaintiff objects only to the Clerk's denial of $45,310.94 in costs for audio-visual aids. Defendant argues that the Bill of Costs should be denied completely, or that Plaintiff should recover only $7,226.33. For the reasons set forth below, the motions are granted in part and denied in part.

## LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed R. Civ. P. 54(d)(1). 28

[1] *See* Bill of Costs docketed as Judgment #11,0964, (Docket Entry #203).

U.S.C. § 1920 (2006) enumerates categories of taxable costs,[2] and Local Civil Rule 54.1(c) provides supplemental details on what is taxable and allows the prevailing party to submit its Bill of Costs to the Clerk, who verifies and makes any necessary adjustments.

**DISCUSSION OF SPECIFIC COSTS**

**Audio-Visual Aids**

Plaintiff retained a company called Trial Graphix to provide assistance in the presentation of evidence during trial. The service included equipment rental and an on-site consultant, and cost Plaintiff $45,310.94. The Clerk declined to award those costs. Defendant takes the position that Plaintiff's audio-visual aid costs are barred by Local Civil Rule 54.1(c)(6). However, that rule simply requires that the Court assess any such costs, rather than the Clerk, who otherwise determines what fees should be assessed.[3]

It is uncontroverted that district courts have discretion to assess such costs to the extent they are reasonable, and indeed this Court has done so on a number of occasions. *See, e.g.*, *Farberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd.*, 09 CIV. 2570 (HB), 2009 WL 5173787 at*8 (S.D.N.Y. Dec. 30, 2009) *aff'd*,10-0384-CV, 2011 WL 2618722 (2d Cir. July 5, 2011); *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005) (Chin, J.). As Defendant correctly observes, in both of these cases the requested amount for audio visual-type costs was significantly reduced.[4]

Plaintiff asserts that the trial graphics were "a necessary tool in the presentation of the evidence that was considered by the jury in rendering its verdict,"[5] and it is "reasonable" to award $45,310.94 in audio visual costs.[6] Some of the graphic aids used at trial helped to focus the jury on the relevant portions of documentary exhibits by highlighting those portions on a

---

[2] That section provides for "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

[3] "Costs of maps, charts, and models, including computer generated models, are not taxable *except by order of court*." Local Civil Rule 54.1(c)(6) (emphasis added).

[4] In *DiBella* Judge Chin awarded $10,000.00 out of $56,100.00 requested, and in *Farberware Licensing Co.* I allowed $25,000 of the requested $30, 279.50. It is also worth noting that at least one court outside the Second Circuit has ruled more narrowly and denied similar costs. *See Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374-75 (Fed. Cir. 2006) (denying Plaintiff's trial graphics costs as beyond the narrow scope of 28 U.S.C. § 1920(4)).

[5] *See* 06/08/2011 Pl.'s Mem. in Supp. of Motion to Review of Taxation of Costs ("Pl.'s Mem.") at 4.

[6] *See* 06/22/2011 Pl.'s Mem. in Opp'n to Def's Mot. to Review Costs ("Pl.'s Opp'n Mem.") at 9.

projector screen. On the other hand, some of the graphics merely restated basic points that the attorneys were arguing or were otherwise redundant. Thus, while the trial graphics were helpful, they were not all helpful. Moreover, as Defendant points out, $18,325.71 out of Plaintiff's $45,310.94 audio-visual aids costs were used to pay a Trial Graphix employee. That included over $4,000 in hotel charges for a total of $5,800.71 in travel expenses.[7] I have received no convincing explanation of why, for instance, at least some portion of those services could not have been performed by any of the number of attorneys sitting at counsel table during trial. While it is of course counsel's prerogative to staff its case and delegate work as it sees fit, it is inappropriate to impose excessive costs on the losing party. Plaintiff may recover $15,000 as reasonable costs attributable to graphics that were actually a necessary tool in the presentation of the evidence.[8]

**Service of Summons and Subpoenas**

Plaintiff submitted $974.50 in costs for "Fees for service of summons and subpoena". The Clerk gave Plaintiff $663.25. Defendant asserts that Local Civil Rule 54.1(c)(10)'s "reasonable and actual fees" language does not include service of discovery subpoenas, or in any event does not include "expedited service." Even assuming the validity of this assertion, Defendant fails to show how much, if any, of Plaintiff's costs are attributable to expedited service fees.

In general, "the cost of a private process server is taxable if that cost does not exceed the amount that the U.S. Marshals would have charged for the service." *Morales v. Smith*, 94 Civ. 4865 (JSR), 1998 WL 352595 at *2 (S.D.N.Y June 26, 1998). The Clerk's award of $663.25 corresponds exactly to Plaintiff's reported expenditures for this category,[9] and Defendants have not shown that it should be disturbed.

**Court Reporter and Transcripts**

Plaintiff submitted $4,857.81 in costs for "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." The Clerk awarded the amount requested. Local Civil Rule 54.1(c)(1) allows taxation "of any part of the original trial transcript that was

[7] *See* 06/22/2011 Def's Mem. in Opp'n to Pl's Mot. to Review Costs ("Def.'s Opp'n Mem.") at 4; Invoices, Ex. 1 to 06/08/2011 Decl. of Stephen A. Serfass.

[8] Defendant also invokes the 14-day time limit imposed by Fed R. Civ. P. 54 (d)(2) to argue that Plaintiff's request for costs was untimely. That section applies to "attorneys fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2). It does not apply to the request for audio visual costs in this case, which are taxable, albeit by Order of the Court. *See* Local Civil Rule 54.1(c)(6). Defendant provides no case law in support, and its argument lacks merit.

[9] *See* Documentation in Support of Bill of Costs, Ex. C Part I pp. 5-13 to 06/08/2011 Decl. of Stephen A. Serfass.

necessarily obtained for use in this court." The burden is on the prevailing party to indicate that such expenditures are out of necessity, and not just convenience. *Farberware* 2009 WL 5173787, at *4; *see also Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973).

Defendant claims Plaintiff obtained transcripts purely for convenience.[10] Defendant also argues that Local Civil Rule 54.1(c)(1) allows only a single copy of the transcript. While the rule's language expresses no such limitation, multiple copies are suspect under the necessity standard. *See Galella*, 487 F.2d at 999. The trial transcripts were used by both parties in post-trial motions, including Defendant's motion to set aside the verdict, and relied upon by the Court to resolve those motions. Plaintiff initially sought costs for an original plus a manuscript for all 6 days of trial. Plaintiff concedes to a reduction of these costs by $1,006.80 to a total of $3,851.01.[11] This amount represents costs for a single transcript and is the appropriate award.

**Witnesses**

The Clerk gave Plaintiff $250.10 in costs for witnesses Rose Ricciardi, Ben Lichtenstein and Charles McCann. Defendant contends that Plaintiff should receive costs only for Lichtenstein and McCann.[12] It reasons that Ricciardi should be considered a party because she "was effectively under the control of . . . parties to the action," and "[n]o party to the action may receive witness fees." Local Civil Rule.54.1(c)(3). Mrs. Ricciardi is not listed as a party, and Defendant has provided no convincing reason to construe her as such. The Clerk's award stands.

**Exemplification**

Plaintiff sought $4,113.15 for "exemplification and copies of papers necessarily obtained for use in the case." The Clerk gave Plaintiff $461.40. Defendant claims Plaintiff is entitled to nothing. Local Civil Rule 54.1(c)(5) states that costs for copies solely for the convenience of attorneys are not taxable, and copies for exhibits are taxable only if the original was not available and that copy was used or received in evidence.[13] According to the Clerk, its reduced amount of $461.40 represents charges used solely for exhibits at trial on October 12th and 14th. Plaintiff does not state that the originals were unavailable, as required by the rule, and in any case it is hard to imagine why copies of exhibits made for trial would not be duplicative of the $45,310.94

---

[10] *See* Def.'s Mem at 8 n.15.
[11] *See* Pl.'s Opp'n Mem at 8; n.9. The $1,006.80 figure corresponds exactly to the costs for manuscripts.
[12] *See* Witness Fees ("Witness Fees"), Ex. B to 06/08/2011 Decl. of Stephen A. Serfass.
[13] Local Civil Rule 54.1(c)(5); *see also* 28 U.S.C. § 1920 (4) (2006).

in trial graphics costs that Plaintiff claims separately. The Clerk's award of $461.40 is accordingly reduced to $0.

**Travel, lodging, and subsistence costs for witnesses**

Non-party witnesses that testify are entitled to costs for travel, lodging and subsistence. 28 U.S.C. §§ 1920, 1821 (2006); Local Civil Rule 54(c)(3). The Clerk awarded a total of $4,194.20 for witnesses Rose Ricciardi and William Hager. This represents the combined maximum allowable rate for witness travel, food and lodging costs. Despite Plaintiff's failure to provide receipts for Hager's costs beyond what appears to be a personal invoice, the Clerk's award may stand.

**Deposition Fees**

Plaintiff initially submitted $26,448.81 in costs for deposition fees. Defendant's motion to review costs set forth certain objections, and Plaintiff ultimately reduced its request to $19,346.50, which the Clerk awarded. Defendant argues that only $6,657.10 is appropriate.

Local Civil Rule 54.1(c)(2) provides that the original transcript along with one copy is taxable for a deposition that was used or received at trial. Transcripts may also be taxable if used by the court to decide a substantive dispositive motion. *See Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120 (SAS), 2007 WL 4526596, at *2 n. 13 (S.D.N.Y. Dec. 20, 2007). Courts have even found deposition costs taxable under § 1920 where they "appear to have been reasonably necessary to the litigation at the time they were taken." *Farberware*, 2009 WL 5173787 at *5 (citations omitted). Of course, "[t]he burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01 Civ. 11448 JGK, 2011 WL 102715 at *2 (S.D.N.Y. Jan. 6, 2011). In the absence of such justification, Courts have reduced the amount of costs awarded. *See Karmel v. City of New York*, No. 00 Civ. 9063 (KMK), 2008 WL 216929, at *4 (S.D.N.Y. Jan. 9, 2008).

Plaintiff's request suffers from a number of shortcomings. It asserts that each of its deponents was among the Defendant's list of 199 potential witnesses, and argues that this supports its contention that the depositions appeared to have been necessary at the time they were taken. However, it is unclear whether such a list was available to the Plaintiff at the time of the depositions, and Plaintiff has not otherwise shouldered its burden of justifying all of its costs.

Plaintiff also listed unsupported costs of $892.07 for depositions of Aaron Bloch. Defendant specifically objects that these costs are backed up by no documentation. I find these

unsupported costs unjustified in this case and decline to award them. *See Farberware*, 2009 WL 5173787, at *6.

Moreover, not all deposition-related costs are recoverable. Even where a deposition transcript is deemed necessary and taxable, attendant costs such as fees for expedited service may not enjoy the same status. *See, e.g., J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03 Civ. 1548 (Peck, M.J.), 2008 WL 4613752, at *17 (S.D.N.Y. Oct. 17, 2008). Defendant points to suspect costs, including expediting fees, associated with ten of Plaintiff's deponents. Courts rarely allow such costs, but will if the submitting party can demonstrate that "an impending deadline for [a dispositive] motion necessitates such expedition." *Gottlieb v. Simon*, No. 97 Civ. 1019 (JSR), 1999 WL 993700, at *1 (S.D.N.Y. Nov. 2, 1999). Plaintiff contends that $693.60 for expedited delivery of the transcript of Eli Rubenstein is taxable because it was taken a week prior to trial. Curiously, Plaintiff does not explain why it chose to depose Rubenstein – a key witness and a party to this action - at such a late date. Similarly, the deposition costs of Charles McCann include $630.00 for expedited service, yet Plaintiff offers no reason why this service was necessary. Plaintiff has failed to justify such expediting fees.

Of the eighteen depositions listed by Plaintiff, ten include video costs that amount to $4,698.25 – roughly 24% of total deposition costs requested. Such costs may be awarded where "there was an expectation among the parties that the video of the testimony might be presented at trial. . . ." *Ferrostaal, Inc. v. M/V Tupungato*, No. 03 Civ. 4885 (MGC), 2008 WL 2796644, at *3 (S.D.N.Y. July 16, 2008). While Plaintiff presented some testimony by video, it fails to show why it reasonably expected to present video at trial for ten deponents. Given Plaintiff's failure to justify many of its expenses, costs in this instance are reduced to $13,000.00.

## CONCLUSION

I have considered the parties' remaining arguments and find them unavailing. For the reasons set forth above, Plaintiff is entitled to $37,333.56, which includes the uncontested award of $375 in Clerk's fees. The Clerk is directed to enter an amended Bill of Costs consistent with this opinion, and to close the relevant motions and remove them from my docket.

**SO ORDERED**
**July 18, 2011**
**New York, New York**

**Hon. Harold Baer, Jr.**
**U.S.D.J.**